## 53298. PARRISH v. THE STATE.

SMITH, Judge.

Parrish was convicted of burglary and appeals to this court alleging (1) the state failed to introduce any evidence of an intent to commit theft in the entered premises, as alleged in the indictment, and (2) the trial court erred in refusing to allow cross examination of the state's main witness concerning the witness' awareness of the possible consequences of malicious prosecution. We affirm the judgment of conviction.

1. The evidence showed that appellant entered without authority a storehouse owned by a grocery business around 11:30 a.m. The only explanation of this entry apparent from the evidence presented at trial is the testimony by the witness who discovered the appellant inside the building that the appellant, when confronted, claimed to be looking for a place to sleep. Other evidence showed that the appellant lived a short distance from the building. The building was said to contain approximately $15,000 worth of grocery items. From this evidence the appellant argues that there was no showing whatsoever that he had an intent to commit theft inside the building; however, the presence of valuables inside the premises can support an inference of intent to steal (Bowen v. State, 128 Ga. App. 577 (197 SE2d 738)), particularly when no other motive is apparent. Steadman v. State, 81 Ga. 736 (8 SE 420). The evidence supported the verdict.

2. Appellant argues that the excluded cross examination described above prevented him from showing bias or prejudice on the part of the witness. His theory is that the witness, having initiated charges against the appellant, would necessarily have an interest in having the appellant convicted in order to avoid

potential liability for malicious prosecution. The scope of cross examination is left largely to the trial court's discretion, reviewable only for abuse. *Davis v. State,* 230 Ga. 902 (3) (199 SE2d 779). While great latitude should be allowed for cross examinations intended to show bias or prejudice on the part of a material witness (*Thomas v. State,* 213 Ga. 237 (98 SE2d 548)), it was no abuse of discretion for the trial court in this case to find the attempted examination insufficiently relevant.

*Judgment affirmed. Bell, C. J., and McMurray, J., concur.*

SUBMITTED JANUARY 19, 1977 — DECIDED MARCH 17, 1977.

*Hatcher & Daniel, David P. Daniel,* for appellant.
*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney,* for appellee.