67583, 67584. MAYNARD v. THE STATE (two cases).

BENHAM, Judge.

Having been convicted of two counts of burglary, appellant now questions the sufficiency of the evidence presented against him, and contends that the trial court erroneously charged portions of OCGA § 24-9-85.

1. The victim/owner testified that he discovered on April 1, 1980, that his farm's outbuilding had been broken into sometime in the two weeks prior to his discovery and that four pieces of equipment had been taken. At trial and in two statements which he gave police on April 2, appellant admitted taking two of the items. In his first statement, appellant said that he had entered the outbuilding and had taken two of the items. In his second statement, appellant said that he had found one of the items outside the outbuilding on April 1, and that he had gotten possession of another of the missing items about a week and a half earlier by reaching through an open window and removing the item from the outbuilding. At trial, appellant testified that he had found both items in a ditch outside the building and sold each of them as junk. The items appellant admitted taking and selling were recovered from the individuals to whom appellant said he had sold the goods.

Appellant argues that since there is evidence of but *one* entry into the outbuilding, the evidence is sufficient to support only one burglary conviction. We agree.

"Burglary . . . involves the criminal necessarily placing himself within some building or other structure named in the statute." *Williamson v. State*, 134 Ga. App. 583 (215 SE2d 518). See also OCGA § 16-7-1 (a). "Without proof of entry, a conviction for burglary cannot stand." *Wells v. State*, 151 Ga. App. 416 (1) (260 SE2d 374), overruled on other grounds in *Copeland v. State*, 160 Ga. App. 786 (287 SE2d 120). See also *Hampton v. State*, 145 Ga. App. 642 (244 SE2d 594). The only evidence of entry is appellant's admission that he entered the building and took two items. However, that statement, if believed by the jury, constitutes only one burglary. See *Burrell v. State*, 140 Ga. App. 900 (1) (232 SE2d 172). Appellant's other statement places him at the scene of the crimes at two different times, but the substance of his statement does not constitute two burglaries. While "[t]he jury is entitled to believe a part of the testimony of a witness and disbelieve other parts" (*Williamson v. State*, supra), it cannot embellish certain testimony in order to reach a conclusion contrary to that which is proven. Since there was only one entry proven, the evidence was not sufficient to support both guilty verdicts. Therefore, one burglary conviction must be affirmed and the other reversed for insufficient evidence. Compare *Ingram v. State*, 137 Ga. App. 412 (3) (224 SE2d 527).

2. Appellant's complaints about the trial court's instructions on witness credibility are not meritorious. See *Campbell v. State*, 237 Ga. 76 (concurring opinion of Justice Hill) (226 SE2d 601).

*Judgment affirmed in Case No. 67583. Judgment reversed in Case No. 67584. Banke, P. J., and Pope, J., concur.*

DECIDED APRIL 11, 1984.

*William U. Hyden, Jr.*, for appellant.
*David L. Lomenick, Jr., District Attorney*, for appellee.