68908. BRADSHAW v. THE STATE.
(323 SE2d 253)

McMURRAY, Chief Judge.

Defendant was convicted of the offense of burglary and sentenced to serve 20 years. From a denial of his amended motion for new trial, he brings this appeal. *Held*:

1. In his first enumeration of error, defendant contends that the trial court erred in allowing into evidence certain photographs (State's Exhibits 5 and 14) of the interior of the office in question. Defendant contends that the photographs in question were not an accurate representation of the office at the time of the alleged burglary. However, the photographs in question were identified by the owner of the burglarized office who testified that other than three minor

changes that appeared in the photographs (i.e., (1) a window had been boarded up; (2) the lid on a tool box had been shut; and (3) the tool box had been pushed over [against the side of the wall]), they fairly and accurately represented the subject office as it appeared the night of the burglary. Thus, "[t]he photograph[s] admitted over [defendant's] objection [were] sufficiently identified and explained by the witness, and the mere fact that the scene shown therein may have changed either before the photograph[s] in question [were] taken or subsequent thereto as to some immaterial matters does not render [them] objectionable. *Curtis v. State*, 224 Ga. 870, 873 (165 SE2d 150) (1968)." *Craft v. State*, 154 Ga. App. 682, 684 (2) (269 SE2d 490). Furthermore, " '[t]he quantum of evidence required to sufficiently identify photographs as true and accurate representations of what they purport to depict is a matter to be left within the discretion of the trial court.' [Cit.]" *Craft v. State*, 154 Ga. App. 682, 684 (2), supra. As a review of the record reveals no abuse of discretion by the trial court, this enumeration is without merit.

2. In enumeration 2, defendant contends that the trial court erred in denying his motion for directed verdict. In enumeration 3, he contends that the evidence in the case did not establish the necessary elements sufficient to support the jury's verdict. In both of these enumerations of error, defendant argues that the State failed to introduce any evidence of an intent to commit theft in the entered premises, as alleged in the indictment. Defendant's contentions are without merit.

The evidence adduced at trial showed that Bobby Toles is the president of Bobby J. Toles Architect, Inc.; that said corporation is located at 617 Shorter Avenue, Rome, Floyd County, Georgia; that the normal business hours of said corporation are from 9:00 a.m. to 5:00 p.m.; that on November 30, 1982, Mr. Toles went to a building committee meeting; that at the conclusion of said meeting, Mr. Toles, at approximately 9:00 p.m., drove back to his office to check up on it "because [the office had] been broken into a couple of weeks prior to that"; that he parked his automobile in the parking lot of his corporate office and got out of the automobile; that as he walked up to his office, he noticed the back door to his office was about four inches ajar; that he went back to his automobile and retrieved his pistol; that as Mr. Toles approached his office, with pistol in hand, someone jumped out of the back door to his office; that Mr. Toles had not authorized anyone to be in his office at that time; that when the person jumped out of the office, Mr. Toles raised his pistol and fired at the legs of this person; that the person did not stop but kept on running between the buildings as Mr. Toles fired a shot up into the air. The evidence further disclosed that on the night in question it had been raining off and on and that Mr. Toles' office had been "torn up

. . . bad."

The transcript of the trial further revealed that on the evening in question, Lieutenant Bill Kinney of the Rome Police Department received a call that there had been some gunshots at 617 Shorter Avenue and in response to the call, proceeded to that location; that while at the Shorter Avenue address, he received a radio transmission that an ambulance was being sent to 601 Cleveland Avenue (which was a short distance from Mr. Toles' office) to pick up a person that had been shot; that after observing the alleged scene of the burglary at 617 Shorter Avenue, he and Officer Treglown proceeded to the 601 Cleveland Avenue address; that when the officers arrived at the address, they found defendant standing in the living room area of his trailer (mobile home); he was "standing there bent over and he was . . . crying and . . . wet" and had been shot in "the bottom of his spine, around his buttock"; that Lieutenant Kinney found a shoe for the left foot in the doorway of defendant's trailer; that a shoe for the right foot had been found underneath a window that had been broken out located in the back of Mr. Toles' place of business; that the shoes (Exhibits 15 and 16) found were identified as those of the defendant.

Moreover, the record showed that at the time of the alleged burglary, Mr. Toles' office contained calculators, a photocopier, a blueprint machine, a typewriter, postage stamps, specialized architectural tools and instruments (some of which are irreplaceable), checkbooks and other office records (some of which it would take thousands and thousands of hours to replace), as well as soft drinks, books and miscellaneous items.

"From this evidence the [defendant] argues that there was no showing whatsoever that he had an intent to commit theft inside the building; however, the presence of valuables inside the premises [i.e., here the calculators, photocopier, blueprint machine, etc.] can support an inference of intent to steal [*Bowen v. State*, 128 Ga. App. 577 (197 SE2d 738)], particularly when no other motive is apparent. *Steadman v. State*, 81 Ga. 736 (8 SE 420)." *Parrish v. State*, 141 Ga. App. 631 (1) (234 SE2d 174). Furthermore, "[w]hether the defendant entertained an intent to commit a felony [or theft therein] after entering is a matter for the jury to say, under the facts and circumstances proved. [Cit.] As a general rule the state must, of necessity, rely on circumstantial evidence in proving intent. [Cit.] And the fact that the defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. [Cits.]" *Poole v. State*, 130 Ga. App. 603, 605 (2) (203 SE2d 886). The evidence was sufficient to authorize a finding of intent to commit a theft.

Moreover, after having examined the record and transcript, we are of the opinion that the evidence produced at trial was sufficient to authorize any rational trier of fact to find that defendant was the per-

petrator of the burglary on the night in question and was guilty of the burglary offense beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Crawford v. State*, 245 Ga. 89, 90 (1) (263 SE2d 131).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 9, 1984.

*Floyd H. Farless*, for appellant.
*F. Larry Salmon, District Attorney*, for appellee.