#### 76014. PROTHRO v. THE STATE.
#### 76015. CLARK v. THE STATE.
(368 SE2d 793)

CARLEY, Judge.

Appellants were co-indicted for the offense of burglary. They were jointly tried before a jury and both were found guilty. Each appellant filed a separate appeal from the respective judgment of con-

viction and sentence that was entered on the guilty verdict returned against him. Appellants' separate appeals are hereby consolidated for appellate disposition in this single opinion.

1. The general grounds are enumerated.

Appellants contend that the evidence presented at trial was insufficient to establish an unauthorized entry of the premises which were alleged to have been burglarized. " 'Burglary . . . involves the criminal necessarily placing himself within some building or other structure named in the statute.' [Cits.] 'Without proof of entry, a conviction for burglary cannot stand.' [Cits.]" *Maynard v. State*, 170 Ga. App. 683, 684 (1) (317 SE2d 666) (1984). The evidence which was produced at trial as to appellants' entry of the building, while circumstantial, was sufficient to establish that they had done so.

Appellants also urge that the evidence was insufficient to establish their intent to commit a theft in the premises. The evidence presented at trial showed that, among the other effects, there were items of gold and diamond jewelry located inside the premises. "The evidence reveals there were valuable effects in the building. The jury was authorized to infer from this that there was an intent to commit theft. [Cit.]" *Bowen v. State*, 128 Ga. App. 577 (1) (197 SE2d 738) (1973). See also *Parrish v. State*, 141 Ga. App. 631 (1) (234 SE2d 174) (1977). " 'Whether the defendant entertained an intent to commit a [theft] after entering is a matter for the jury to say, under the facts and circumstances proved. [Cit.] As a general rule the [S]tate must, of necessity, rely on circumstantial evidence in proving intent. [Cit.] And the fact that defendant may have failed in accomplishing his apparent purpose does not render a finding of burglary improper. [Cits.]' [Cits.]" *Kinney v. State*, 155 Ga. App. 95-96 (1) (270 SE2d 209) (1980).

After a review of the entire record in the light most favorable to the verdict, we find that a rational trior of fact could reasonably have found from the evidence produced at trial, proof of appellants' guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court instructed the jury that it would be authorized but not required to infer an intent to steal from evidence which showed the unlawful entry of another's building wherein valuables were stored or kept. The giving of this charge is enumerated as error. As previously discussed in Division 1, however, the instruction states a legally correct principle of the law and there was sufficient evidence presented at trial to authorize the giving of the instruction in this case. See *Parrish v. State*, supra at 631 (1); *Bowen v. State*, supra at 577 (1); *Bradshaw v. State*, 172 Ga. App. 330, 331 (2) (323 SE2d 253) (1984).

3. The trial court denied appellant Clark's motion to suppress

certain evidence which was found during a police search of his automobile on the night of the incident. The trial court's denial of this motion is enumerated as error.

It is undisputed that appellant Clark was the owner of the automobile. However, the evidence also showed that he had loaned his car to a third party and was not in possession of the automobile at the time of the search. Where the owner of an automobile relinquishes actual possession to a third party, the owner thereby abandons any expectation of privacy in the automobile, and he therefore lacks standing to contest the legality of the search and seizure of the vehicle. See *United States v. Nunn*, 525 F2d 958, 959 (5th Cir. 1976). See also *United States v. Dyar*, 574 F2d 1385, 1390 (6) (5th Cir. 1978), cert. denied, 439 U. S. 982 (99 SC 570, 58 LE2d 653) (1978). Accordingly, the trial court correctly denied appellant Clark's motion to suppress.

4. Appellant Clark enumerates as error the trial court's admission of certain evidence.

There was no objection to the trial court's admission of appellant Prothro's shoes into evidence. No error can be raised on appeal as to the improper admission of evidence unless a proper objection has first been made at trial. *Hicks v. State*, 216 Ga. 574, 575 (1) (118 SE2d 364) (1961).

Appellant Clark did object to the admission of chips of a concrete block which were found on the floorboard of the back seat of his automobile. However, that objection consisted only of the bare assertion that the evidence was irrelevant. "An objection to evidence on the ground that it is irrelevant . . . is 'entirely too vague and general to present any question for determination by the trial court, and the overruling of this objection did not constitute reversible error. [Cits.]' [Cit.] '(A) mere general objection to evidence that it is immaterial . . . is too general to present any question for decision. [Cit.]' [Cit.]" *Croom v. State*, 165 Ga. App. 676, 677 (3) (302 SE2d 598) (1983). See also *Harrison v. State*, 120 Ga. App. 812, 816 (8) (172 SE2d 328) (1969).

Appellant Clark also objected to the admission of a glove which was found in close proximity to the site of appellants' apprehension. The objection to the admission of this evidence was that there was nothing which would connect the glove either to appellants or to the crime they were alleged to have committed. However, the evidence presented at trial did show that appellant Clark had a glove in his possession on the night of the incident. The evidence also showed that the beading on the underside of the glove, which was covered with cement dust, matched the indentations left in the cement dust on top of the display case in the burglarized premises. " 'When facts are such that the jury, if permitted to hear them, may or may not

make an inference pertinent to the issue, according to the view which they may take of them, in connection with the other facts in evidence, they are such that the jury ought to be permitted to hear them.' [Cits.]. . . . '(W)here the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury.' [Cits.]" *Johnson v. State*, 148 Ga. App. 702, 703 (1) (252 SE2d 205) (1979). The glove was sufficiently connected to appellants and to the crime to warrant its introduction into evidence. Appellant Clark's enumeration is without merit.

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED APRIL 13, 1988.

*Paul E. Weathington*, for appellant (case no. 76014).
*T. Christopher Pyles*, for appellant (case no. 76015).
*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.