## A90A0553. PACK v. THE STATE.
(393 SE2d 719)

DEEN, Presiding Judge.

Apparently believing modern television advertising and Brooke Shields' pronouncement that "nothing comes between me and my Calvins," the defendant wore a pair of blue jeans to trial which were recognized as missing from the home of one of the victims. The following day, the State tendered the jeans into evidence and the victim identified them as ones taken in the burglary by their size (36-30) and a stain below the right pocket. Appellant was tried and found guilty of five counts of burglary and appeals.

1. The trial court did not err in denying appellant's motion for a directed verdict of acquittal and a new trial.

The evidence showed that a rash of five residential burglaries occurred in an area close to I-75 in Dalton, Georgia, between December 17 and 19, 1988. Appellant was arrested approximately two weeks later, and an inventory search of the automobile he was driving revealed fourteen items which were positively identified at trial as taken from residences alleged to have been burglarized in counts 1 and 2 of the indictment. The victims of those burglaries identified the items and the blue jeans at trial.

Recent unexplained possession of stolen goods creates an inference of guilt. This inference plus the in-court identification of the items alleged to be stolen in counts 1 and 2 of the indictment were sufficient to authorize a conviction on these counts. *Bankston v. State*, 251 Ga. 730 (309 SE2d 369) (1983).

A very experienced detective with the Whitfield County Sheriff's Office testified as to all five burglaries and observed that none of the homes was ransacked (unlike the situation in most burglaries); that in

each case items of value were left untouched; and that most of these cases involved precious metal such as jewelry, coins, sterling silver flatware, etc. Entry was obtained in most cases by prying open a back door.

The similarities between these burglaries were sufficient to submit all five counts to the jury, and the court correctly charged the jury on circumstantial evidence. Construing the evidence in favor of the prosecution, we find that there was sufficient evidence for a rational trier of fact to find Pack guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Pack also contends that the lower court erred in permitting the State to admit evidence of his eight prior burglary convictions.

Under *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977), the State must show that appellant was the perpetrator of the independent crimes and there was sufficient similarity between the two offenses that proof of the former tends to prove the latter.

The State tendered into evidence Pack's guilty plea to four counts of burglary of a dwelling house and his guilty plea to four counts of burglary in the second degree. Pack's counsel admitted that his client had entered pleas to these offenses. Two officers who investigated those burglaries testified as to the absence of ransacking in each case and the similarity between the items stolen in those cases and the instant case. We find that the court correctly admitted the prior burglary convictions as tending to prove intent, bent of mind, and modus operandi. There is no admissibility requirement that the previous offense be identical with the one charged. *Meier v. State*, 190 Ga. App. 625 (379 SE2d 588) (1989).

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED APRIL 19, 1990.

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, Michael R. McCarthy, Assistant District Attorney*, for appellee.