A94A2093. NEWMAN v. THE STATE.
(453 SE2d 117)

McMURRAY, Presiding Judge.

Defendant was indicted for burglary, theft by receiving stolen property, and possession of a firearm by a convicted felon. The evidence adduced at a jury trial showed the following: Near midnight on December 22, 1992, uniformed officers of the City of Morrow Police Department responded to a burglar alarm at a Midas Muffler shop on Jonesboro Road. A panel of the garage door had been kicked in and a muddy footprint of wet red clay was found inside. Tire marks of wet clay led off the premises and headed north. Some 300 feet from the Midas shop, police observed a 1979 Datsun parked near a pay telephone. The hood of this car was still warm and the tires were covered with red clay mud. Inside the car on the front seat were boxes marked "Muffler Parts." No one was in the car, but defendant stumbled out from a gully below the parking lot, noticeably intoxicated. His sneakers were covered with red clay mud, and the pattern of the sole resembled that left on the kicked-in panel of the Midas garage door. "He said the vehicle was not his," but belonged to his girl friend. Defendant was arrested on suspicion of burglary. The police "[a]ttempted to contact the person that [defendant] told [them] owned the car [but . . .] could not make contact with that person to come get the vehicle and it was impounded at that time." An inventory search of the vehicle revealed a Taurus .38 revolver stowed un-

derneath "the front driver's [side] area of the vehicle. . . ." Donna Thomas testified for defendant that the gun was hers; that she put it up under the seat of the car; and that defendant never acknowledged "that he knew the gun was there . . ." when he was in possession of the car. Other evidence showed that the vehicle was insured under Ms. Thomas' name.

At the close of the State's evidence, the trial court directed a verdict of acquittal as to the charge of theft by receiving stolen property, because the boxes marked "Muffler Parts" seen in the vehicle were not shown to be stolen. The jury acquitted defendant of burglary but found him guilty of the possession of a firearm by a convicted felon offense. His motion for new trial was denied and defendant appeals from the judgment of conviction for possession of a firearm by a convicted felon. *Held*:

1. In his fourth enumeration, defendant contends the trial court erred in denying his "Motion to Suppress the pistol" found under the driver's seat, arguing that impoundment of the vehicle was not reasonably necessary and so was unauthorized.

" 'Impoundment of a vehicle is valid only if there is some necessity for the police to take charge of the property. See *South Dakota v. Opperman*, 428 U. S. 364 (96 SC 3092, 49 LE2d 1000) (1976).' *Whisnant v. State*, 185 Ga. App. 51, 53 (363 SE2d 341) (1987)." *State v. Crank*, 212 Ga. App. 246, 250 (441 SE2d 531). The State's right to impound may be justified out of necessity "where an unsuccessful attempt was made to locate the owner to obtain dispositional instructions ([cit.])." *State v. Ludvicek*, 147 Ga. App. 784, 786 (250 SE2d 503). In the case sub judice, the police had probable cause to arrest defendant on suspicion of burglary. See *Watson v. State*, 159 Ga. App. 618 (1), 620 (284 SE2d 636). Thereafter, the police could not contact the person defendant identified to them to come and get the car. When their efforts proved fruitless, it was then perfectly reasonable for the police to impound this vehicle in order to protect property. The trial court did not err in denying defendant's "Motion to Suppress the pistol" on this ground. Compare *State v. Darabaris*, 159 Ga. App. 121 (282 SE2d 744).

2. Over defendant's hearsay objection, the trial court permitted a police officer to relate the contents of a computer search of ownership records, showing that "the vehicle was registered to [defendant]." This evidentiary ruling is defendant's third enumeration of error. However, at the time of his arrest defendant had stated that the "vehicle was not his"; and that his girl friend owned the vehicle. Under these circumstances, hearsay relating the contents of public records would be admissible for the limited purpose of impeaching these assertions. *Gee v. State*, 210 Ga. App. 60, 61 (2) (435 SE2d 275).

3. In his first and second enumerations, defendant challenges the

sufficiency of the evidence. He argues that the direct evidence of Donna Thomas that she put the gun in the car is evidence of equal access, demanding a directed verdict of acquittal.

" 'The equal access rule, entitling a defendant to acquittal where evidence is presented that others had equal access to a vehicle or that the vehicle had been recently used by others, applies only where the *sole evidence* of possession of contraband found in the vehicle is the defendant's ownership or possession of the vehicle. . . .' " (Emphasis in original.) *Pittman v. State*, 208 Ga. App. 211, 213 (2), 214 (430 SE2d 141). In the case sub judice, Ms. Thomas testified that it was her habit to keep the gun in the car, and place it on the seat when she was in the car or place it under the seat when she was not in the car. She would take it with her if she switched cars, but "[s]ometimes, [she] forgot." However, her testimony is not evidence that another person was at the scene exercising actual possession over contraband. Compare *Battle v. State*, 160 Ga. App. 111 (1) (286 SE2d 341). See also *Hughes v. State*, 215 Ga. App. 6, 7 (1), 8 (449 SE2d 547). Moreover, Ms. Thomas' testimony that she put the gun in the car (at some unknown time) is entirely consistent with defendant's admission that he knew Ms. Thomas had a gun and was aware that she kept it with her in the car over the course of their five-year relationship. Accordingly, his possession of the vehicle is not the sole evidence that he intentionally possessed the gun. " 'Whether the evidence of equal access is sufficient to rebut any inference of possession . . . is a question properly left to the jury.' . . . *Davis v. State*, 194 Ga. App. 482, 486 (4) (391 SE2d 124) (1990); see also *Chambers v. State*, 162 Ga. App. 722 (1) (293 SE2d 20) (1982); *Moore v. State*, 155 Ga. App. 149 (1) (270 SE2d 339) (1980)." *Cannon v. State*, 211 Ga. App. 835, 836 (440 SE2d 723). The evidence adduced at trial is sufficient to authorize the jury's verdict that defendant was guilty, beyond a reasonable doubt, of possession of a firearm by a convicted felon as alleged in the indictment. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Cannon v. State*, 211 Ga. App. 835, 837, supra. Consequently, the trial court did not err in denying defendant's motion for directed verdict. *Humphrey v. State*, 252 Ga. 525, 526 (1) (314 SE2d 436).

*Judgment affirmed. Pope, P. J., and Smith, J., concur.*

DECIDED JANUARY 13, 1995.

*Steven L. Harris,* for appellant.
*Robert E. Keller, District Attorney, M. Tom Woodward, Assistant District Attorney,* for appellee.