## A98A1780. SHIVER v. THE STATE.

(509 SE2d 658)

Judge Harold R. Banke.

Joel Shiver was convicted of simple assault. In two enumerations, he challenges the admission of the two similar transactions offered against him.

This case arose after the victim, a food inspector with the Georgia Department of Agriculture, arrived at J.R.'s Grocery to perform his quarterly sanitation review. After the victim noticed a labeling violation on two items and asked the clerk about them, Shiver stepped from behind the counter, "bulldozed" himself up against the victim, and demanded to know what right he had to question the labeling. The victim responded that he was the food inspector. Shiver demanded to see the victim's identification, but the victim refused after learning that Shiver was not a grocery employee. At that point, Shiver braced up against the victim and stated, "You g—mned son-of-a-b—h. I will stomp your g—mned ass. I will beat your g—mned ass all over this place. I will throw you out of this g—mned store and stomp your ass all over the d-mned parking lot." During this tirade, Shiver was so close the victim could feel his breath. The victim reported the incident to local law enforcement officers and Shiver was arrested.

Both the similar transactions admitted at trial occurred at the grocery. The first involved a person the parties have described as a vagrant or transient who was not available to testify. The evidence showed that a year earlier Shiver struck the transient and ejected him from grocery property. A deputy had questioned the transient just before the incident and telephoned the grocer to let him know of the transient's proximity. Moments later, the grocer called the police complaining of an unwanted person in his store. The deputy responded by going to the store and explaining that the transient just wanted to buy some food. The deputy then left, but parked his patrol car a few hundred feet from the store. Shortly thereafter, the deputy saw someone run from the store and went to investigate. At that point, Shiver and the transient were sitting on a bench in front of the grocery. After the deputy walked in, the transient followed him with blood dripping from his mouth. The vagrant pointed to Shiver and stated, "he hit me for no reason."

The second similar transaction involved another of the grocery's customers, who testified that after he disagreed with the grocer about the price of some soft drinks, he went to his car. As he circled the lot to head home, Shiver stepped out of the store and yelled, "I want to talk to you." Shiver set his beer down, approached the customer's car and stated, "Have you ever had that Mustang driven up your ass. . . . That old man's been good to all of us." Then Shiver

backhanded the customer through the car window. *Held*:

Shiver maintains the admission of the similar transaction evidence was reversible error. We disagree.

The State made each of the affirmative showings necessary for the admission of the similar transaction evidence. *Hall v. State*, 230 Ga. App. 741, 742 (497 SE2d 603) (1998). At the USCR 31.3 (B) hearing, the State offered the similar transaction evidence to show bent of mind and course of conduct, both proper grounds for admission. See *Spencer v. State*, 268 Ga. 85, 86 (2) (485 SE2d 477) (1997). The relevance of this evidence, which showed Shiver's propensity to resort to threats and violence to resolve conflict, outweighed its prejudicial impact, particularly in light of the limiting instruction given the jury. *Jimenez v. State*, 228 Ga. App. 668, 669 (492 SE2d 530) (1997).

The State also established that Shiver committed the similar transactions. *Hall*, 230 Ga. App. at 742. The testimony of the deputy and the customer was sufficient to establish that Shiver perpetrated the violent acts. While we agree that the deputy's testimony was not properly admitted to explain his own conduct, the testimony was nevertheless admissible as res gestae. *Brinson v. State*, 268 Ga. 227, 229 (3) (486 SE2d 830) (1997) (hearsay is properly admitted to explain an officer's conduct only when such conduct is relevant); see *DeCastro v. State*, 221 Ga. App. 83, 86 (1) (470 SE2d 748) (1996) (physical precedent only); see *Frederick v. State*, 226 Ga. App. 540, 542 (1) (487 SE2d 107) (1997) (a trial court's ruling will be affirmed if it is right for any reason). In any event, the overwhelming evidence against Shiver precludes the requisite showing of harm. *Bridges v. State*, 268 Ga. 700, 708 (6) (492 SE2d 877) (1997).

Finally, the record shows a sufficient connection between the similar transactions and the offense charged. Each shows that Shiver was willing to resort to violence to quell any perceived challenge to his authority at the grocery. *McCord v. State*, 268 Ga. 499, 500 (2) (491 SE2d 360) (1997). As the trial court observed, this evidence tends to show that Shiver "has a hot temper and is quick to assault." The similar transaction evidence was thus relevant to show far more than a general propensity to commit crime. Compare *King v. State*, 230 Ga. App. 301, 303-304 (1) (496 SE2d 312) (1998).

The fact that both similar transactions constituted simple battery undermines Shiver's contention that his due process rights were violated because the similar transactions were not shown to be crimes. OCGA § 16-5-23.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED NOVEMBER 19, 1998.

*Williams, Sammons & Sammons, George L. Williams, Jr.*, for

appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, Assistant District Attorney*, for appellee.