## S00A0024. GUYTON v. THE STATE.
(531 SE2d 94)

SEARS, Justice.

Appellant Herbert Guyton appeals his conviction for armed robbery,[1] alleging, among other things, that subsections (c) (1) and (c) (3) of OCGA § 17-10-6.1 operate together to effectively render defense attorneys constitutionally deficient. We conclude, however, that the statute does not impede counsel's effective representation of an accused, and therefore we reject appellant's constitutional contention. Finding no other error associated with the adjudication of appellant's guilt, we affirm his conviction.

The evidence of record indicates that one evening, the victim, Susan Jackson, was using a pay phone in front of a shopping center when a car stopped near to her. A man exited the car, approached Jackson and walked past her, then turned back, looked her in the eye, pointed a gun at her and said he was going to take her purse. The man then took Jackson's purse, entered his car, and drove away. At trial, Jackson positively identified appellant as her assailant. However, Tracy Ballard, who was living with appellant, stated that

---

[1] The crime was committed on October 19, 1995 and appellant was indicted on March 12, 1997 for armed robbery. The trial was held on September 29, 1997 and appellant was found guilty and sentenced to life imprisonment. A new trial motion was filed on October 2, 1997, amended on June 11, 1999, and denied on that same day. Appellant's notice of appeal was timely filed on July 8, 1999, the appeal was docketed on September 16, 1999, and submitted for decision without oral argument.

he had a broken toe at the time of the robbery and was having difficulty walking. Jackson testified that the man who robbed her did not exhibit a limp.

On the day of the robbery, Marvin Fralish's car was stolen from his residence. It was later recovered approximately six blocks from appellant's residence. Mail addressed to appellant was found in Fralish's car, and property that had been stolen from Jackson was found in the car's trunk. The vehicle Jackson described as the one driven by the man who robbed her matched Fralish's stolen vehicle.

1. The evidence of record, construed favorably to the jury's verdict, was sufficient to enable a rational trier of fact to conclude that appellant was guilty of armed robbery.[2]

2. Appellant urges that OCGA § 17-10-6.1 (c) (1) and (c) (3) of the Sentence Reform Act of 1994[3] are unconstitutional because, when taken together, they render defense counsel ineffective by presenting counsel with an impossible conundrum regarding the representation of a convicted client — having to choose between seeking a term of years without parole, or a life sentence with a possibility of parole after 14 years.

These two Code subsections provide, respectively:

> [F]or a first conviction of a[n enumerated] serious violent felony [such as armed robbery] in which the defendant has been sentenced to life imprisonment, that person shall not be eligible for any form of parole or early release until that person has served a minimum of 14 years.

> * * *

> Any sentence imposed for the first conviction of any [enumerated] serious violent felony [such as armed robbery] other than a sentence of life imprisonment or life without parole or death shall be served in its entirety as imposed by the sentencing court and shall not be reduced by any form of parole or early release.

Appellant argues that these two subsections pose an insurmountable quandary for the defense attorney who attempts to seek leniency for a client: Should counsel pursue a life sentence so the defendant might be paroled after 14 years, or should counsel seek a term sentence, which must be served in its entirety?

The Sentence Reform Act became effective following voter ratifi-

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] Ga. L. 1994, p. 1959.

cation of an amendment to Article IV, Section II, Paragraph II of the Georgia Constitution.[4] That amendment authorized the General Assembly to provide for mandatory minimum sentences and to impose restrictions upon the State Board of Pardons and Paroles' authority to grant paroles. This Court has previously held that the Act bears a rational relationship to the legitimate legislative end of deterring crime, and is not susceptible to equal protection or cruel and unusual punishment challenges.[5]

Nor is the Act susceptible to appellant's claim that it effectively renders counsel ineffective. Subsections (a) and (c), quoted above, simply provide that a defendant sentenced to life imprisonment for a serious violent felony shall not be eligible for parole until after he or she has served 14 years of their sentence, and any person sentenced to a term of years for a violent felony shall not be eligible for parole or early release. While these provisions may lead to different consequences for a convicted felon, they by no means create a Hobson's choice for defense counsel, as counsel is always charged with acting in the best interest of his or her client,[6] and in so doing, is free to argue alternative theories before a sentencing court. The provisions of the Act complained of here do not prevent counsel from doing either of these, and cannot be said to render counsel ineffective per se. Furthermore, we note that regardless of counsel's best efforts on behalf of a client, sentencing remains largely a matter within the trial court's discretion, and is by and large outside of counsel's immediate control. Accordingly, we reject appellant's contention that OCGA § 17-10-6.1 (c) (1) and (c) (3) renders counsel ineffective per se.

3. The trial court did not err in admitting evidence of appellant's prior conviction for robbery as a similar transaction or occurrence.

Before evidence of a similar transaction or occurrence may be admitted, an independent hearing must be held at which the State must make three affirmative showings: (1) that the evidence is not brought forth to raise an improper inference as to character, but rather for an appropriate purpose deemed an exception to the general rule prohibiting this type of evidence; (2) that there is sufficient evidence that the accused committed the independent act; and (3) that there is a sufficient connection or similarity between the independent act and the crime charged so that proof of the former tends to prove the latter.[7]

These requirements are satisfied here. First, before admitting the evidence, the trial court held a proper hearing pursuant to Uni-

---

[4] *Campbell v. State*, 268 Ga. 44, 46 (485 SE2d 185) (1997).
[5] Id.
[6] See *Ford v. State*, 255 Ga. 81 (335 SE2d 567) (1985).
[7] *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991).

form Superior Court Rule 31.: B). Second, there is no indication that the evidence was introduced or an improper purpose, such as to show bad character or a propensity to commit a certain type of crime. Third, insofar as appellant was convicted of the prior act, there was sufficient evidence to show that he committed it. Finally, there was substantial similarity between both offenses: Both offenses involved attacks upon women who were alone in which a silver handgun was pointed at the victims and they were ordered to relinquish their property. Both crimes were preceded by the assailant walking past his victims and then returning hurriedly to commit the crimes. In both situations, the assailant claimed after arrest that at the time of the crime, his foot or leg was injured, causing him to experience difficulty walking, while both victims testified that their assailant did not limp noticeably at the time of the crime.

4. There was no improperly suggestive photo lineup shown to the victim, as urged by appellant. Rather, the record shows that following the robbery, the victim was being interviewed by a detective when, without any prompting from the detective, she reached into a file on his desk, removed a photo from it, and identified the man depicted in the photo as her assailant. Under these facts, the victim's in-court identification of appellant was not tainted by a biased pretrial array arranged by the State that gave rise to a substantial likelihood of irreparable misidentification.[8]

Moreover, the victim's in-court identification of appellant was based upon a source that was independent of her viewing of his photograph, as she looked her assailant in the eye at close range at the time of the robbery.[9]

5. We reject appellant's contention that the trial court erred in charging the jury on offensive weapons, as the charge was consistent with the Pattern Jury Instructions.[10]

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 2000.

*Patricia A. Buttaro*, for appellant.
*William T. McBroom III, District Attorney, James E. Hardin,*

---

[8] See *Bradley v. State*, 152 Ga. App. 902 (264 SE2d 332) (1980).
[9] See *United States v. Cannington*, 729 F2d 702 (11th Cir. 1984).
[10] See Suggested Pattern Jury Instructions, Criminal Cases, Part 4, sec. J (a) (2d ed. 1991).

*Assistant District Attorney, Thurbert E. Baker, Attorney General,* for appellee.