## S00A1376. COLLINS v. THE STATE.
(538 SE2d 47)

BENHAM, Chief Justice.

On June 3, 1996, Maganbhai Patel died after being shot in his DeKalb County dry cleaning store.[1] An employee of a nearby pet

---

[1] Collins was indicted in connection with the killing on May 27, 1997, on one count of malice murder, three counts of felony murder, and one count of possession of a firearm by a convicted felon. Collins was tried separately at a jury trial commencing on June 8 and ending on June 10, 1998. The jury found Collins guilty on all counts. On June 11, 1998, Collins

store testified he heard gunshots from the neighboring dry cleaners shortly after appellant Dante Collins and another man had left the pet store, where they had made an inquiry about snakes. He identified Collins as one of the two men he saw run past the pet store from the direction of the dry cleaners. Another witness also heard the shots and identified Collins as one of the two men he saw running from the dry cleaners.

Antone Leonard, who had been incarcerated with appellant in connection with a jewelry store theft three weeks after Mr. Patel was murdered, testified that Collins described his role in the shooting of Patel. Leonard said that Collins told him that he asked Patel for dry cleaning and, while Patel was in the back of the store, Collins' accomplice tried to enter the cash register. Patel returned to the front of the store and told the accomplice to get away from the cash register. Collins fired a warning shot and then shot the victim as he made a motion toward the front door. Collins' DeKalb County cellmate also testified that Collins described to him in detail his role in the killing of Patel and his efforts to obtain false alibis from witnesses and to discredit other witnesses who knew damaging information about him.

1. We conclude this evidence was sufficient for a reasonable finder of fact to find Collins guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Collins contends the trial court erred when it admitted evidence of the jewelry store theft as a similar transaction. During the jewelry store theft, Collins and two other men allegedly involved in Patel's murder entered the jewelry store where two of them distracted the clerk by getting him to the back of the store while the third accomplice took several rings from the jewelry cabinet. Collins was armed with a gun during the theft.

In order for evidence of a similar transaction to be admissible, the State must demonstrate the following: (1) the evidence is admitted for a proper purpose; (2) sufficient evidence exists to establish the accused committed the independent act; and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640 (2) (b) (409 SE2d 649) (1991).

In this case, the State proffered the evidence to show Collins' identity, bent of mind, course of conduct, and intent. These are

---

was sentenced to a life sentence for the malice murder count. The felony murder convictions were vacated as a matter of law. The firearm conviction was dismissed. Collins filed a motion for new trial on July 6, 1998, which was denied on March 10, 2000. He filed a notice of appeal on April 20, 2000, and the case was docketed in this court on May 3, 2000.

proper purposes satisfying the first requirement under *Williams*. *Palmer v. State*, 271 Ga. 234 (7) (a) (517 SE2d 502) (1999); *Williams*, supra at note 2. The State met the second *Williams* requirement by entering a certified copy of Collins' conviction in the jewelry store theft and presenting testimony that Collins had been involved.

With respect to the third *Williams* requirement, this Court must focus on the similarities between the two acts rather than the dissimilarities in determining whether there were sufficient similarities between the independent act and the instant act. *Farley v. State*, 265 Ga. 622 (2) (458 SE2d 643) (1995). "While there must be proof of a sufficient similarity between the independent offense and the instant crime charged, the two crimes need not be carbon copies of one another to be admissible." *Moore v. State*, 273 Ga. 11, 13 (537 SE2d 334) (2000).

We conclude that there was a sufficient connection between the crime at issue and the jewelry store theft based on the standard of *Williams*, supra. In both instances, Collins and two others participated in the crimes. Both crimes were planned and accomplished by walking into a place of business. In both, Collins and his accomplice, armed with guns, first attempted to distract the store employees before attempting to seize the money or goods. Thus, the trial court did not err in admitting the similar transaction evidence.

3. Collins alleges the trial court erred when it admitted letters written by Collins and his accomplice to each other while the two were in jail in connection with the Patel killing. In one letter, the accomplice gave reasons certain witnesses might want them to be convicted of the crime as part of an apparent scheme to discredit them. In another letter, Collins advised the accomplice not to write about drug shootings in which they had participated and Collins' violence against his former girlfriend. Collins argues that since he had not put his character in issue, admission of the letters prejudiced him because he feared the actions described in the letters would make a jury think they were violent. The trial court admitted the letters as evidence which tended to show that Collins and his accomplice were attempting to conceal their crime. The trial court redacted portions of the letters that referred to the men's past crimes because they were not relevant in demonstrating that Collins was attempting to conceal the crime.

Relevant and material evidence is not inadmissible because it incidentally places the defendant's character into evidence. *Adams v. State*, 272 Ga. 115 (3) (527 SE2d 200) (2000). The letters admitted were relevant and material because they were an admission by conduct. *Fugitt v. State*, 256 Ga. 292 (348 SE2d 451) (1986). Thus, the trial court did not err in admitting the letters.

4. Collins argues it was error for the trial court to admit testi-

mony from the third participant in the jewelry store theft, that Collins threatened to kill the witness when Collins got out of jail. OCGA § 24-3-2 states, "When, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence not as hearsay but as original evidence." Since the State offered the testimony to explain why the accomplice delayed in contacting the police after he learned of Collins' role in the killing and to deflect any negative inferences with respect to the accomplice's motive in testifying against Collins in light of his plea bargain with prosecutors, the trial court did not err in admitting the testimony.

5. Collins argues that it was error to admit the testimony of his DeKalb County cellmate because the cellmate had entered into a plea bargain with the prosecution in another case in exchange for testimony against Collins. OCGA § 24-9-1 specifically states that witnesses who stand to gain from their testimony are competent witnesses. Collins cites several U. S. Supreme Court cases and cases from other jurisdictions in support of his argument. However, these cases merely advise the use of caution when dealing with testimony of informants. Further, the trial court gave the jury the cautionary jury charge Collins requested that stated as follows:

> One who testifies under a grant of immunity from prosecution or a promise of no prosecution by the State, or who testifies pursuant to a promise of leniency or as the result of a negotiated plea in which leniency may be inferred, is a competent witness. You may consider whether or not the testimony from such a witness might be slanted in such a way as to further the witness's own interest. You alone shall decide the believability of the witnesses.

This charge encompasses a correct statement of Georgia law as well as the principles stated in the cases Collins cites. Accordingly, the trial court did not err in allowing the cellmate's testimony into evidence.

For the reasons stated above, we affirm the rulings of the trial court.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 30, 2000.

*David J. Farnham*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K.*

*Smith, Senior Assistant Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.