## A01A1232. HARVEY v. THE STATE.
(553 SE2d 384)

MILLER, Judge.

Joseph Harvey appeals his conviction for robbery by sudden snatching, asserting that the trial court erroneously admitted similar transaction evidence. As this argument is without merit, we affirm.

The evidence showed that Harvey approached the victim, who was walking down the street toward a friend's home, and asked him for a cigarette. Harvey walked with the victim for a few seconds, then snatched the victim's necklace from around his neck. The victim approached nearby officers who found Harvey a block away, still carrying the necklace.

The State introduced evidence of two prior crimes. In the first incident, Harvey pled guilty to robbery where the evidence showed that he approached two men and asked one for change. Harvey then pulled out a small knife and held it to the victim's neck. The victim tossed his wallet to his friend, and Harvey snatched the wallet from the friend's hand, took the money that was in it, and fled.

In the second incident the victim testified that while walking toward a train station, Harvey approached, motioned with something inside his jacket, and ordered the victim to walk down the street to a house. Once around the corner, Harvey snatched the victim's necklaces. In that instance Harvey was charged with robbery but pled guilty to theft by taking.

Harvey argues that the prior crimes were not sufficiently similar and therefore should not have been admitted. Evidence of similar crimes is admissible to show motive, intent, plan, identity, modus operandi, bent of mind, or course of conduct.[1] In order to admit this evidence, the State must demonstrate that: "(1) the evidence is admitted for a proper purpose; (2) sufficient evidence exists to establish the accused committed the independent act; and (3) a sufficient connection or similarity exists between the independent offense and the crime charged so that proof of the former tends to prove the latter."[2]

In this case the State presented the evidence to show Harvey's intent, modus operandi, and course of conduct, which are proper purposes that satisfy the first requirement. The State also entered into evidence copies of Harvey's convictions for the prior crimes and presented testimony from the victims and officers involved, meeting the second requirement.

For the third requirement "this Court must focus on the similari-

---

[1] *Ellerbee v. State*, 247 Ga. App. 46, 50 (2) (a) (542 SE2d 146) (2000); see *Pack v. State*, 195 Ga. App. 419, 420 (2) (393 SE2d 719) (1990).

[2] (Citation omitted.) *Collins v. State*, 273 Ga. 93, 94 (2) (538 SE2d 47) (2000).

ties between the two acts rather than the dissimilarities in determining whether there were sufficient similarities between the independent act and the instant act."[3] Here, there was a sufficient connection between the prior robberies and the one at issue. In both prior crimes, Harvey was on foot, approached the victims in public, and snatched a personal belonging of the victims. And in one instance Harvey snatched necklaces from the victim as the evidence showed he did in the present case. Moreover, each crime took place within several blocks of the others.

In our view, the prior crimes were sufficiently similar[4] and did tend to show Harvey's intent, modus operandi, or course of conduct, the purposes claimed by the State for the introduction of the prior crimes evidence. Thus, the court did not err in admitting such evidence.

*Judgment affirmed. Andrews, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 3, 2001.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, George W. K. Snyder, Jr., Assistant District Attorney*, for appellee.

[3] (Citation omitted.) Id. at 95 (2).
[4] Cf. *Jackson v. State*, 246 Ga. App. 133, 135 (2) (539 SE2d 849) (2000) (both prior transactions occurred in the same geographic location); *Gilbert v. State*, 163 Ga. App. 688, 689-690 (3) (295 SE2d 173) (1982) (in three transactions the perpetrators forcibly removed wallets and jewelry from victims who were approached in public parking lots).
[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).