## A01A0998. CARR v. THE STATE.
### (553 SE2d 674)

MILLER, Judge.
The primary question on appeal is whether the court's charge to the jury on the issue of similar transaction evidence offered for the purpose of inferring defendant's "predisposition to commit the crime" requires reversal. We find harmful error and reverse.

Responding to a dispatch call about a possible break-in, police saw Orashious Carr in another person's mobile home near a bedroom window that had been broken in. At an officer's command to come out, Carr announced that he would "come out the way [he] came in," and he then exited out the front door. Although the home contained an assortment of valuable but common household items (e.g., television, VCR, appliances, furniture), the police found nothing from the home in Carr's possession, and the homeowner testified that the only

---

items out of place were some dishes that had been removed from the cabinet and stacked in the recliner by the door. Police determined from law enforcement computer records that Carr lived nearby.

At trial, evidence also showed that Carr had committed or attempted to commit burglaries under similar circumstances. Despite Carr's trial testimony that he was homeless and had entered the home only to find a place to stay, a jury found him guilty of burglary, and the court denied his motion for new trial.

Carr appeals on three grounds: (1) the evidence was insufficient, (2) no evidence authorized the court's instructions on impeachment, and (3) the court erroneously instructed the jury on the purposes for which similar transactions may be considered. As we agree with the third contention, we reverse.

1. Carr argues that the evidence was insufficient to sustain a burglary conviction. As applied here, burglary is defined as entering a residence without authority and with the intent to commit a theft therein.[1] Carr contends that the only evidence of his intent to commit theft was circumstantial and that a reasonable hypothesis existed that he was at the home only to sleep.

It is true that to warrant a conviction based on circumstantial evidence, the State must prove not only that the evidence is consistent with the hypothesis of guilt, but that every other reasonable hypothesis of nonguilt is excluded.[2] Whether the State meets this burden in a particular case is primarily a question for the jury.[3] Of necessity, the State must rely on circumstantial evidence in proving intent in such cases.[4]

Construed in favor of the verdict, three items of evidence allowed an inference of an intent to commit theft: (i) the presence of valuable effects inside the premises;[5] (ii) the movement of the dishes from the cabinet to the recliner;[6] and (iii) two similar transactions where Carr had pled guilty to attempting burglary with intent to commit theft after he was found breaking a window on a mobile home and where he had pled guilty to burglary with intent to commit theft after he was found escaping through the window of a pool hall from which he had stolen items. Such evidence discounted Carr's alternative theory that he was simply looking for a place to sleep, particularly in light of the evidence that Carr lived nearby.[7] The evidence supported the verdict.[8]

---

[1] OCGA § 16-7-1 (a).

[2] OCGA § 24-4-6.

[3] *Muckle v. State*, 165 Ga. App. 873 (1) (303 SE2d 54) (1983).

[4] *Bradshaw v. State*, 172 Ga. App. 330, 332 (2) (323 SE2d 253) (1984).

[5] See id.; *Bowen v. State*, 128 Ga. App. 577 (1) (197 SE2d 738) (1973).

[6] *Phagan v. State*, 243 Ga. App. 568, 570 (2) (533 SE2d 757) (2000) (movement of checkbook and presence of valuables inside building showed intent to commit theft).

[7] *Parrish v. State*, 141 Ga. App. 631 (1) (234 SE2d 174) (1977).

[8] Id.

2. Carr urges that the court erred in instructing the jury that a witness could be impeached by disproving the facts to which the witness testified, or by proving contradictory statements previously made by the witness. Carr does not dispute that the principles of law were correct.[9] Rather, citing *Hightower v. State*,[10] Carr argues that no evidence authorized the giving of this instruction.

Carr testified at trial that he entered the mobile home via the broken window, whereas at the scene he told police he would exit the same way he entered, and he then exited through the front door. Carr further testified that he was homeless, that he was looking for a place to stay, and that he did not live nearby, whereas a police officer testified that according to headquarters' computer records Carr lived a few doors away. "Under these circumstances, hearsay [testimony] relating the contents of public records would be admissible for the limited purpose of impeaching [Carr's] assertions."[11] This evidence authorized the instruction on impeachment.

3. Carr contends that the court erred when it instructed the jury that it could consider the similar transaction evidence as proof of Carr's "predisposition to commit the crime." The State had proposed this instruction, citing to *Zinn v. State*,[12] in which predisposition to commit the crime was relevant to disprove the defendant's claim of entrapment. Of course, entrapment was not a defense here. The court gave the jury a written copy of its oral instructions, which written copy also contained this language. The giving of this instruction allowed the jury to consider the similar transactions for a clearly improper purpose, and thus reversal is required.

Similar transaction evidence is highly prejudicial and therefore can be admitted only under certain circumstances and for limited purposes.[13] Such purposes include, for example, demonstrating identity, bent of mind, course of conduct, and intent.[14] It is universally understood that two *improper* purposes are "to show bad character or a propensity to commit a certain type of crime."[15] Indeed, "permitting similar transaction evidence to be admitted to show a propensity to commit criminal acts in general *or a certain type crime in particular*"

---

[9] See *State v. Byrd*, 255 Ga. 665, 666 (341 SE2d 455) (1986) (summarizing the methods by which a witness may be impeached).

[10] 210 Ga. App. 386, 388 (3) (436 SE2d 28) (1993).

[11] (Citation omitted.) *Newman v. State*, 216 Ga. App. 73, 74 (2) (453 SE2d 117) (1995).

[12] 134 Ga. App. 51, 52 (2) (213 SE2d 156) (1975).

[13] *Williams v. State*, 261 Ga. 640, 641-642 (2) (a) (409 SE2d 649) (1991); see *Smith v. State*, 232 Ga. App. 290, 291-292 (1) (501 SE2d 523) (1998).

[14] *Collins v. State*, 273 Ga. 93, 94-95 (2) (538 SE2d 47) (2000); see *Williams*, supra, 261 Ga. at 642, n. 2.

[15] *Guyton v. State*, 272 Ga. 529, 532 (3) (531 SE2d 94) (2000).

goes to the very heart of the reason why similar transaction evidence is generally inadmissible.[16] "The primary aim of this rule is to avoid the forbidden inference of propensity."[17] The Supreme Court of Georgia explained the harm as follows:

> [P]rior act evidence . . . is inherently prejudicial because it raises an inference that an accused who acted in a certain manner on one occasion is more likely to have committed the crime for which he is on trial. As a result, unless there is a reason for the introduction of such evidence, apart from the raising of that inference, prior act evidence will be inadmissible because evidence of the accused's character is not admissible unless and until the accused puts his character in evidence.[18]

Unfortunately, acting on the State's erroneous request to charge, the court instructed the jury that it could consider the similar transaction evidence for the forbidden purpose of inferring Carr's predisposition (i.e., propensity) to commit the crime. Such an egregious instruction to the jury cannot be overlooked.

Claiming the evidence of guilt was overwhelming, the State urges us to find the error harmless. This we cannot do. To find harmless error in jury instructions would require that we find "it is obviously highly probable that the error . . . did not contribute to the verdict. . . ."[19] Here Carr was found in a mobile home with no property of the home in his possession and with only some dishes disturbed. He testified that he was looking for a place to stay. The similar transactions occurred in 1980 and 1983, some 16 to 19 years before the 1999 break-in here. We cannot say as a matter of law that it is highly probable that the error did not contribute to the verdict. We reverse.

*Judgment reversed. Andrews, P. J., concurs. Eldridge, J., concurs specially and in judgment only.*

---

[16] (Emphasis supplied.) *King v. State*, 230 Ga. App. 301, 304 (1) (496 SE2d 312) (1998); see *State v. Hinson*, 269 Ga. 862, 863 (506 SE2d 870) (1998) (Fletcher, P. J., dissenting) (if the evidence is to show that the defendant has the propensity to commit the crime with which he is charged, it is of course inadmissible); *Maggard v. State*, 259 Ga. 291, 293 (2) (380 SE2d 259) (1989) (similar transaction evidence not admissible to show "a probability that the defendant committed the crime on trial because he is a man of criminal character") (citation and punctuation omitted); see generally *Williams*, supra, 261 Ga. at 641 (2) (a).

[17] *Smith*, supra, 232 Ga. App. at 291 (1).

[18] (Citation omitted.) *Barrett v. State*, 263 Ga. 533, 534 (2) (436 SE2d 480) (1993), overruled on other grounds, *Wall v. State*, 269 Ga. 506, 508-509 (2) (500 SE2d 904) (1998).

[19] (Citations and punctuation omitted.) *Sultenfuss v. State*, 185 Ga. App. 47, 51 (5) (363 SE2d 337) (1987).

ELDRIDGE, Judge, concurring specially.

I concur in the judgment in this case. The State clearly twisted the reasoning of an entrapment case, *Zinn v. State*, 134 Ga. App. 51, 52 (2) (213 SE2d 156) (1975), out of the frame in order to submit a charge that permits a jury to consider a 16-year-old prior bad act for a defendant's "predisposition to commit the crime." I suspect this is so because evidence of Carr's intent to commit a theft is lacking in this burglary case. That dishes were disturbed in the mobile home, as opposed to the electronic devices therein, appears to militate against theft as a motive for entry. Thus, the improper charge cannot be considered harmless, as the prior act proved the requisite intent more than any evidence of the instant offense.

I write because "propensity" can be a sufficient basis for the admission of a similar transaction. For example, the propensity to use a firearm has been held to be an appropriate purpose for such admission.[20] The propensity to initiate an encounter without a woman's consent may also be established through prior bad acts.[21] As may the propensity for initiating and continuing unprovoked violent encounters.[22] "Propensity" is not a forbidden concept when establishing the admissibility of a similar transaction when it goes to show conduct and/or intent with regard to the commission of the indicted offense. Accordingly, I cannot agree with the majority that the "primary aim of this rule [admissibility showing] is to avoid the forbidden inference of propensity."[23] The evil to be avoided is, as in this case, admission of a similar transaction simply to demonstrate a predisposition to commit an offense that the defendant committed in the past, i.e., he did it before, so he did it this time as well. Because the trial court's charge authorized just such conclusion and the evidence of intent to commit a theft was weak, I cannot say it is highly probable that the complained-of charge did not affect the verdict. Consequently, I concur in the judgment of reversal of this criminal conviction.

DECIDED AUGUST 8, 2001.

*Christopher S. Warren*, for appellant.

---

[20] *Anderson v. State*, 236 Ga. App. 679, 681-682 (513 SE2d 235) (1999); *Shiver v. State*, 235 Ga. App. 358, 359 (509 SE2d 658) (1998).

[21] *Goodroe v. State*, 238 Ga. App. 66, 68 (518 SE2d 139) (1999).

[22] *Davis v. State*, 244 Ga. App. 708, 712 (536 SE2d 596) (2000).

[23] Citing *Smith v. State*, 232 Ga. App. 290, 291 (501 SE2d 523) (1998).

*Kenneth B. Hodges III, District Attorney, Jennifer Johnson-Green, Assistant District Attorney*, for appellee.

