## A99A1487. DIXON v. THE STATE.
(524 SE2d 734)

POPE, Presiding Judge.

Anderson Dixon appeals his conviction of two counts of burglary and one count of attempting to elude an officer on the grounds that he was unfairly prejudiced by improper evidence that he had pled guilty to an earlier burglary. He asserts that in his prior plea he did not admit guilt because he pled under *North Carolina v. Alford,* 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970) which allowed him to maintain his innocence. We hold that because an *Alford* plea requires a court determination that there is a factual basis for the plea, and because in Georgia an *Alford* plea is not a plea of nolo contendere, an *Alford* plea may be used as evidence of a similar act.

In the case on trial, Shirley McLendon saw a man park a small white car at her apartment complex, go inside one of the buildings, carry a video cassette recorder out, and put it in his car. A neighbor arrived, and McLendon called the police while the neighbor watched as the man came out again, put a television in his car, and started to leave. McLendon related this to the police as it was happening. The neighbor saw the police arrive just as Dixon was attempting to leave, and the police chased and caught Dixon whom they identified at trial. They found items in Dixon's car that were identified as the stolen items. Pry marks on the victims' apartment doors matched the tire tool found in Dixon's car.

1. Dixon contends there were several errors related to the introduction of an earlier burglary plea.

In June 1988, Dixon pled guilty to four counts of burglary. During the trial in this case and outside the presence of the jury, the court held a hearing to determine whether evidence of one plea should be admitted as a similar transaction. The State offered the evidence to show Dixon's "bent of mind and course of conduct and his intent in this case." Arthur Praeger testified at the hearing that in 1988 someone kicked in the door to his apartment and took several televisions and a camera. The parties agreed that Dixon was arrested later with a pawn ticket which led the police to Praeger's television. The State also offered a certified copy of Dixon's 1988 guilty plea for that burglary. The court reserved ruling on the evidence until it was tendered during trial.

The court then instructed the jury that the evidence they were about to hear could be considered only "for the limited purpose of

showing, if it does, the identity of the perpetrator, the state of mind[,] that is, the knowledge or intent of the defendant in crimes charged in the case . . . now on trial." Praeger repeated his story to the jury, but when the State attempted to introduce Dixon's 1988 plea, Dixon objected. The court denied the objection and repeated the similar transaction jury charge at the end of the trial.

(a) *Alford* held that "[a]n individual accused [of] a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U. S. at 37. Thus, Dixon argues, as with a plea of nolo contendere, the plea itself is inadmissible in that it is insufficient to establish one of the requirements of *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), that the defendant committed the earlier crime.

True, in Georgia, a conviction based on a plea of nolo contendere cannot be used "as an admission of guilt or otherwise or for any purpose." OCGA § 17-7-95 (c). This prohibits use of a nolo plea as a similar act. *Corbitt v. State*, 190 Ga. App. 509 (1) (379 SE2d 535) (1989). And there are certainly similarities between a nolo contendere plea and an *Alford* plea. As stated in *Alford*:

> The fact that his plea was denominated a plea of guilty rather than a plea of nolo contendere is of no constitutional significance with respect to the issue now before us[, i.e., whether the Constitution allows a sentence to follow an *Alford* plea]. . . . Nor can we perceive any material difference between a plea that refuses to admit commission of the criminal act[, a nolo contendere plea,] and a plea containing a protestation of innocence[, an *Alford* plea]. . . ."

*Alford*, 400 U. S. at 37.

But there is a critical procedural distinction that resolves the issue before us. Unlike a nolo plea, the court accepting an *Alford* plea must determine whether there is a factual basis for the plea. *Alford*, 400 U. S. at 38, n. 10; *Crowe v. State*, 265 Ga. 582, 586 (4) (458 SE2d 799) (1995); *Brower v. State*, 230 Ga. App. 125, 126 (1) (495 SE2d 600) (1998). A nolo contendere plea only requires consent and approval of the judge, and the judge must consider "the views of the parties and the interest of the public in the effective administration of justice." OCGA § 17-7-95; Uniform Superior Court Rule 33.1 (B); see also *Alford*, 400 U. S. at 35, n. 8; compare Rule 33.9 (guilty plea requires determination of factual basis); but see *Pooler v. Taylor*, 173 Ga. App. 859, 862 (2) (a) (328 SE2d 749) (1985) (in dicta and without citation of authority, the court stated that a nolo contendere plea includes a finding of a factual basis).

Further, an *Alford* plea is a guilty plea, whereas a nolo plea does not conclusively establish a defendant's guilt. See *Alford*, 400 U. S. at 37; *Thompson v. State*, 237 Ga. App. 466, 468 (2) (514 SE2d 870) (1999) (physical precedent). By definition, a nolo plea cannot be used against the defendant as an admission of guilt. OCGA § 17-7-95 (c). And that Code section on its face applies only to nolo pleas. We find nothing to prevent use of an *Alford* plea as evidence of a prior act if all other requirements of *Williams v. State* are met. See also *Hudson v. State*, 271 Ga. 477 (521 SE2d 810) (1999) (certified copy of prior conviction alone is not sufficient evidence of nexus between independent crime and offense charged necessary for admission of evidence of independent crime).

Here, Dixon's *Alford* guilty plea represents a finding by the trial court that there was a factual basis for the plea. In addition to the indictment and plea, the State introduced Praeger's testimony and the plea form on which Dixon admitted that he was in fact guilty of the crime. It was also agreed that Dixon was found with a pawn ticket for Praeger's television. We agree with the trial court's finding that a preponderance of the evidence shows that Dixon in fact committed the earlier burglary, which satisfies that requirement of *Williams v. State*. See *Freeman v. State*, 268 Ga. 185, 188 (4) (486 SE2d 348) (1997) (standard for admission of similar crimes evidence is preponderance of the evidence).

(b) Dixon claims the court failed to tell the jury the State's specific purpose for introducing the prior burglary. The State was trying to show Dixon's criminal intent to commit the current crimes. The court twice instructed the jury that the evidence was being introduced for the limited purpose of showing either identity of the perpetrator or Dixon's intent. But Dixon did not request an instruction limiting the jury's consideration of the evidence to the purpose for which the State admitted it, and therefore this objection is waived. *Murphy v. State*, 270 Ga. 72, 75 (2) (d) (508 SE2d 399) (1998). Further, Dixon did not object to the instructions as given, and there is nothing for us to review.

(c) Dixon contends the court failed to comply with all the requirements of *Williams v. State* by failing to make the required findings, including a finding of relevance, before admitting the evidence. Dixon's failure to object on these specific grounds at trial precludes our review. *Murphy*, 270 Ga. at 73 (2) (a); *Riddle v. State*, 208 Ga. App. 8, 10 (1) (b) (430 SE2d 153) (1993).

(d) Dixon's argument that he received insufficient notice of the State's intent to introduce the Praeger burglary plea is waived because Dixon did not object on this ground at trial. *Stephenson v. State*, 216 Ga. App. 147 (2) (453 SE2d 144) (1995); *Annison v. State*, 206 Ga. App. 861 (2) (427 SE2d 5) (1992).

(e) Based on the facts presented at trial, we also find it highly probable that evidence of the Praeger burglary did not contribute to the judgment of conviction, and therefore any error would have been harmless. *White v. State*, 269 Ga. 74, 75 (2) (495 SE2d 278) (1998); *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

2. Dixon also contends his trial counsel was ineffective, primarily in handling the similar transaction evidence. Under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), a defendant is required to show both that counsel's performance was deficient and that the deficiency prejudiced the defense. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985). Because any possible error regarding the similar transaction was harmless, these enumerations are without merit. *Setser v. State*, 233 Ga. App. 822, 825 (2) (505 SE2d 798) (1998).

Finally, Dixon claims that his counsel failed to tell him that a list of evidence in aggravation was filed at or immediately before trial. Dixon's mere assertion that he was prejudiced by this alleged failure is not supported; therefore, this enumeration is without merit. "There must be more than a mere claim of prejudice; it must be shown, and this the accused did not do." (Citation omitted.) *Powell v. State*, 143 Ga. App. 684, 686 (1) (239 SE2d 560) (1977).

*Judgment affirmed. Smith and Eldridge, JJ., concur.*

DECIDED NOVEMBER 2, 1999.

*Timothy W. Hoffman*, for appellant.

*J. Tom Morgan, District Attorney, Barbara B. Conroy, Kevin N. Levitas, Assistant District Attorneys*, for appellee.