A04A0135. GRIFFIN v. THE STATE.
(596 SE2d 405)

BLACKBURN, Presiding Judge.

Following his conviction by a jury of possession of cocaine, Jerry Griffin appeals the denial of his motion for new trial, contending that: (1) the evidence was insufficient to support his conviction; and that the trial court committed error by (2) allowing the State's witnesses to testify that the area in which the incident occurred and he lived was a high crime area, and (3) denying his motion for mistrial. For the reasons set forth below, we affirm.

1. Griffin argues that the evidence was insufficient to support his conviction of possession of cocaine.

> The standard of review for the sufficiency of evidence, in reviewing either a motion for a directed verdict or a motion for new trial, is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. We view the evidence in the light most favorable to the verdict, and defendants no longer enjoy the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia.*[1] Conflicts in the testimony of the witnesses are a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

*Sutton v. State.*[2]

Viewed in that light, the record shows that on July 13, 1999, between 6:30 and 7:00 p.m., Norman Blackwell, a member of the auxiliary unit of the Cornelia Police Department, was patrolling an area of town known as "the Hill." As Blackwell turned onto Second Street, he saw Griffin, whom he had known for about three or four months, in the middle of the road. Griffin turned, looked at Blackwell, and dropped a piece of paper onto the road; then, watching Blackwell

---

[1] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] *Sutton v. State,* 261 Ga. App. 860-861 (1) (583 SE2d 897) (2003).

over his shoulder, he walked to the side of the road, dropped another item, began walking quickly down the road, and then broke into a jog and jogged out of sight. Blackwell stopped his car where Griffin had dropped the paper and called in, giving out over the radio Griffin's direction of travel and general description, including his height, weight, and color. He also stated that Griffin was wearing blue shorts and a blue shirt with black stripes. Jake Hendrix, the shift supervisor, Detective Grover Addis, and Lt. Denver Gunn arrived and took control of the scene. Blackwell told the officers that Griffin had dropped the paper. Addis opened the paper and found what appeared to be crack cocaine. A forensic chemist with the Georgia Bureau of Investigation crime laboratory testified at trial that the contents of the paper had tested positive for cocaine.

Addis testified at trial that he had seen Griffin, whom he had known since 1985, twice on July 13 before he responded to Blackwell's call. Griffin was wearing "a dark blue, dark outfit, shirt and shorts." The first time Addis saw Griffin was when Griffin approached the patrol car in which he and Gunn were sitting. Addis saw Griffin again about an hour later near the place where he later dropped the paper containing the cocaine, and not far from the house on Dover Street where Griffin lived. On the stand, Griffin denied having seen either Addis or Gunn on July 13.

Officer Margaret Krockum of the Cornelia Police Department was on patrol near Griffin's house when she heard the description of Griffin on the radio. She drove to Dover Street, where Griffin lives, and saw a black male fitting the description come up the street and enter the house at 120 Dover Street. The man, who was pulling off his shirt as he walked into the house, was Griffin, with whom Krockum was personally acquainted. Krockum advised other police units that she had located the suspect and told them of his location. A warrant was obtained from the magistrate judge for Griffin's arrest, and he was arrested the next day. The evidence was sufficient to support Griffin's conviction of possession of cocaine.

2. Griffin next argues that the trial court erred in allowing the State's witnesses to testify that the area in which the incident occurred, and he lived, was a high crime area, and denying his motion in limine to prevent the same. Griffin maintains that any testimony that the area known as "the Hill" was a high crime area was irrelevant to the issues in the case, was more prejudicial than probative, and placed his character in issue.

A similar argument was made in *Lashley v. State*,[3] where the appellant contended "that the trial court erred in refusing to declare

---

[3] *Lashley v. State*, 196 Ga. App. 672 (396 SE2d 590) (1990).

a mistrial in response to the conduct of the prosecuting attorney and several of the state's witnesses in referring to the arrest scene as a 'known drug area.'" Id. at 673 (1). We rejected this argument, reasoning that "[t]he statements did not suggest that the appellant had himself been involved in any previous criminal misconduct at that or any other location." Id. The same reasoning applies here. Testimony that the area in which Griffin lived, and in which the incident occurred, was a high crime area did not suggest that Griffin himself had been involved in any previous criminal conduct at this location. It did, however, explain why Blackwell was on patrol in the area, and thus had "at least tangential relevance." Id. Moreover, even if the testimony had placed Griffin's character in issue, in light of the overwhelming evidence of Griffin's guilt, including the eyewitness testimony regarding his possession of the cocaine, any error was harmless. *Tackett v. State*[4] (holding that even though evidence of burglary conviction placed defendant's character in issue, error was harmless in light of overwhelming evidence of guilt). This enumeration of error is without merit.

3. In his third enumeration of error, Griffin claims that the trial court erred in denying his motion for mistrial based on the testimony of one of the State's witnesses. The witness, Addis, stated during cross-examination, that there had been other occasions when he had arrested Griffin. Griffin argues that this testimony placed his character in issue.

A review of the trial transcript, however, also shows that after Griffin objected, the following exchange occurred:

> Court: Well, do you want me to admonish the jury that — not to admonish the jury but to tell them — ?
> Def. Cnsl: No, I don't want — I don't want — that would do more harm than good.
> Court: All right.
> Def. Cnsl: Thank you.

"[Griffin's] failure to renew his motion after declining curative instructions waives this issue on appeal." *Watkins v. State.*[5] And, again, any error would be harmless in light of the overwhelming evidence of Griffin's guilt.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

---

[4] *Tackett v. State*, 257 Ga. App. 292, 294 (4) (570 SE2d 720) (2002).
[5] *Watkins v. State*, 241 Ga. App. 251, 253 (2) (526 SE2d 155) (1999).

DECIDED MARCH 3, 2004.

*Drew W. Powell,* for appellant.
*Michael H. Crawford, District Attorney, Deborah S. Wilbanks, Assistant District Attorney,* for appellee.