A08A0121. HYDE v. THE STATE.

(662 SE2d 764)

MILLER, Judge.

Following a jury trial, Charles Roger Hyde was convicted of two counts each of aggravated assault (OCGA § 16-5-21) and making terroristic threats (OCGA § 16-11-37), and one count each of armed robbery (OCGA § 16-8-41), kidnapping (OCGA § 16-5-40), attempted rape (OCGA § 16-6-1), aggravated sodomy (OCGA § 16-6-2), false imprisonment (OCGA § 16-5-41), and hijacking a motor vehicle (OCGA § 16-5-44.1). Hyde now appeals from the trial court's denial of his motion for a new trial, alleging that the trial court erred in (i) refusing to grant his motion for a mistrial and (ii) allowing evidence of his prior conviction for car theft to be introduced as a similar transaction. Discerning no error, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [the defendant] no longer enjoys a presumption of innocence." (Citations, punctuation and footnotes omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). So viewed, the evidence shows that on November 27, 2003, Hyde stole a pickup truck from the farm of his neighbor, Roland Buchanan, in Pickens County and drove it to a Wal-Mart store in Gilmer County. In the parking lot, Hyde accosted Peggy Allen, a Wal-Mart employee, as she attempted to exit her car. Hyde forced Allen back into her car at knife point, threatening to kill her if she did not cooperate with him. He then drove Allen to a secluded area where he sexually assaulted her.

Following the assault, Hyde drove Allen to two different banks and forced her to withdraw money from her account using the ATM. Hyde next drove Allen to a gas station and, when he exited the car, Allen was able to free herself and obtain assistance from bystanders, who called the police. Hyde was subsequently arrested and indicted for the crimes of which he was later convicted.

At trial, defense counsel cross-examined Lieutenant Ricky Henry of the Pickens County Sheriff's Department, about police photographs taken at Hyde's residence. When defense counsel asked the purpose in photographing a bedroom other than Hyde's, Lieutenant Henry began to respond by saying, "Mr. Hyde is a convicted felon and that gun is in the. . . ." Defense counsel interrupted

Lieutenant Henry before he could complete his response, and immediately moved for a mistrial. The trial court denied the motion, but instructed the jury to disregard Lieutenant Henry's response.

The trial court also admitted, over defense counsel's objection, Hyde's previous conviction for car theft as similar transaction evidence. That conviction arose out of Hyde's 1988 theft of a pickup truck from the Buchanan farm, the same location from which Hyde stole the truck he used to drive to Wal-Mart.

After Hyde's conviction, the trial court denied his motion for a new trial, and this appeal followed.

1. Hyde first asserts that the trial court erred in refusing to declare a mistrial after Lieutenant Henry stated that Hyde was a convicted felon. A trial court's ruling on a motion for a mistrial, however, will not be reversed absent an abuse of discretion, and we find no such abuse here. See *Lashley v. State*, 196 Ga. App. 672, 673 (1) (396 SE2d 590) (1990).

Where a motion for a mistrial is premised on improper statements to the jury, and the trial court thereafter gives the jury curative instructions, defense counsel must renew the motion for a mistrial to preserve the issue for appellate review. "If the trial court's curative instructions [are] not sufficient, defendant should [seek] additional relief. Failure to do so waives appellate review of the matter. . . ." (Punctuation and footnote omitted.) *Garcia v. State*, 271 Ga. App. 794, 796 (2) (611 SE2d 92) (2005). Here, after defense counsel moved for a mistrial, the trial court instructed the jury to disregard Lieutenant Henry's statement, and defense counsel never renewed the motion. Accordingly, Hyde may not challenge on appeal the trial court's denial of that motion.

Moreover, even if we found no waiver, there is no basis for reversal. As is discussed below in Division 2, the trial court admitted Hyde's prior conviction as similar transaction evidence, and Hyde therefore cannot prove he suffered any harm as a result of Lieutenant Henry's statement. See *Griffin v. State*, 266 Ga. App. 50, 52 (2) (596 SE2d 405) (2004).

2. Hyde next asserts that the trial court erred in admitting his 1988 car-theft conviction as similar transaction evidence.

To render evidence of independent acts or offenses admissible as similar transaction evidence, the State must show that:

> (1) the evidence will be admitted for a proper purpose; (2) sufficient evidence establishes that the defendant committed the independent act; and (3) sufficient connection or similarity exists between the independent offense and the crime charged, so that proof of the former tends to prove the latter. [Cit.]

*Ellis v. State*, 282 Ga. App. 17, 24 (3) (c) (637 SE2d 729) (2006). Additionally, the trial court must "weigh the probative value of [such] evidence against the danger of substantial prejudice." *Shuman v. State*, 244 Ga. App. 335, 337 (3) (535 SE2d 526) (2000).

On appeal, Hyde claims that the State failed to show the required similarity between the prior offense and the crime charged, noting that he was not on trial for the theft of the truck from the Buchanan farm.[1] Hyde also claims that the probative value of his prior conviction did not outweigh its prejudicial effect.

Hyde, however, asserted neither of these arguments in the trial court, instead arguing only that, because of the length of time that had elapsed between his prior conviction and the theft of the truck in this case, his prior conviction could not be considered probative.

> [T]o preserve an objection upon a specific ground for appeal, the objection must be made at trial upon that specific ground. Objecting on specific grounds waives the grounds not asserted. The rule is that the scope of review is limited to the scope of the ruling in the trial court as shown by the trial record and cannot be enlarged or transformed through a process of switching [or] shifting.

(Citations and punctuation omitted.) *Parrish v. State*, 237 Ga. App. 274, 280-281 (4) (514 SE2d 458) (1999). Thus, Hyde's failure to provide the trial court with the opportunity to rule on these particular objections to the similar transaction evidence forecloses Hyde from raising them on appeal.

Finally, we note that "[h]arm as well as error must be shown when similar transaction evidence is improperly admitted." (Punctuation and footnote omitted.) *Cornell v. State*, 289 Ga. App. 52, 55 (656 SE2d 191) (2007). Here, even if the admission of Hyde's previous conviction had been improper, the error was harmless in light of the substantial evidence of Hyde's guilt. See id.; *Porter v. State*, 264 Ga. App. 526, 531 (4) (591 SE2d 436) (2003). That evidence included DNA analysis tying Hyde to the crimes charged and the security camera video from the gas station and an ATM.

For the reasons set forth above, we affirm the trial court's order denying Hyde's motion for a new trial.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

---

[1] Because the theft occurred in Pickens County, it could not be charged and tried in conjunction with the crimes that occurred in Gilmer County.

DECIDED MAY 23, 2008.

*Michael G. Parham, Clinton S. Hooker, Jimmonique R. S. Rodgers*, for appellant.
*Joe W. Hendricks, Jr., District Attorney*, for appellee.