A11A1918. HOLDEN v. THE STATE.
(722 SE2d 873)

MIKELL, Presiding Judge.

After a jury trial, Ellis Lamar Holden was convicted of kidnapping with bodily injury, rape, aggravated sodomy, armed robbery, two counts of burglary, and five counts of possession of a weapon during the commission of a crime. He appeals from the denial of his motion for new trial, contending that the trial court erred in admitting similar transaction evidence and by failing to properly charge the jury on similar transaction evidence. He also argues that the evidence was insufficient to support his kidnapping with bodily injury conviction. Finding no error, we affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence."[1]

So viewed, the record shows that Maria Mora was at her home when Holden entered the house, grabbed a knife from the kitchen,

---

[1] (Citation omitted.) *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004).

put it to Mora's neck, and pushed her into the bedroom. Inside the bedroom, Holden raped and sodomized Mora and snatched a gold necklace inscribed with "M-E-X" from around her neck. Holden then took money from Mora's purse, tied her up with a sheet, and fled on a bicycle. Mora then ran to a nearby school where an ambulance was called to take her to the hospital to complete a rape kit. Mora testified that her assailant had a tattoo on his arm.

The following day, Holden was located by Chief Randy Simmons, who noticed a gold chain and a tattoo on his arm. Chief Simmons notified the Adel police department that Holden was headed toward Adel on a bicycle. Holden was arrested in Adel while wearing a necklace inscribed with "M-E-X." Holden was then taken to a local hospital, where he gave a blood sample. Analysis by the GBI lab indicated that DNA from the blood sample matched that in the semen taken from Mora's rape kit.

1. Holden argues that there was insufficient evidence of asportation to sustain his kidnapping with bodily injury conviction under *Hammond v. State*.[2] Holden maintains that the movement of Mora from the kitchen to the bedroom was an inherent part of the rape and armed robbery and posed no additional harm to the victim, other than that posed by the other crimes. We disagree.

OCGA § 16-5-40 (a) provides that "[a] person commits the offense of kidnapping when such person abducts or steals away [i.e., asports] another person without lawful authority or warrant and holds such other person against his or her will."[3] Subsection (d) of the statute enhances a defendant's sentence if the person kidnapped received bodily injury.

At the time of Holden's crime in 2002, the law permitted the necessary element of asportation to be proven by any evidence that the victim was moved, however slight.[4] However, in *Garza*, the Supreme Court overruled prior case law and set out four new factors that should be considered in determining whether the asportation

---

[2] 289 Ga. 142 (710 SE2d 124) (2011), citing *Garza v. State*, 284 Ga. 696 (670 SE2d 73) (2008).

[3] Following the Supreme Court's decision in *Garza*, the Georgia General Assembly amended the kidnapping statute "to provide that slight movement is sufficient to prove kidnapping as long as the movement was not incidental to another offense," and then further defined what actions would not be incidental to another offense. *Wright v. State*, 300 Ga. App. 32, 34 (1), n. 1 (684 SE2d 102) (2009) (citation and punctuation omitted). The amended statute applies only to crimes committed on or after the revised statute's effective date, July 1, 2009. See OCGA § 1-3-4; *Hammond*, supra at 143-144 (1).

[4] See generally *Lyons v. State*, 282 Ga. 588, 591 (1) (652 SE2d 525) (2007) ("The requirement of asportation to prove kidnapping is satisfied if there is movement of the victim, however slight that movement is.") (citation omitted), overruled by *Garza*, supra.

element of kidnapping was met:

> (1) the duration of the movement; (2) whether the movement occurred during the commission of a separate offense; (3) whether such movement was an inherent part of that separate offense; and (4) whether the movement itself presented a significant danger to the victim independent of the danger posed by the separate offense.[5]

According to the "pipeline" rule, because *Garza* was decided after Holden was convicted and while his case was pending appeal, *Garza* applies to this case.[6] However, all four *Garza* factors need not be present for the movement to constitute asportation.[7]

Movement occurred here when Holden pressed a knife to Mora's throat and forced her from the kitchen into the bedroom where he raped and sodomized her and committed armed robbery. Although this movement did not last long, it was not incidental to the other criminal offenses. This movement was not an inherent part of the crimes as her movement to the bedroom was not necessary to effect the completion of the rape, aggravated sodomy, or armed robbery.[8] Also, by moving her to the bedroom, Mora was placed in greater danger because Holden's control over her was enhanced.[9] Before Holden pulled Mora into the bedroom, Mora was in the kitchen where she could have made her escape or called for help.

Thus, contrary to Holden's assertion, the evidence was sufficient to establish the asportation element of the kidnapping with bodily injury conviction.

2. Holden argues that the trial court erred when it admitted testimony concerning three similar transactions by him without making the requisite *Williams*[10] findings. We disagree.

"We review the trial court's determination that the similar transaction evidence was admissible under an abuse of discretion standard."[11]

Before the state can introduce similar transaction evidence, Uniform Superior Court Rule 31.3 (B) requires the state to make

---

[5] (Citation and footnote omitted.) *Garza*, supra at 702 (1).

[6] *Goolsby v. State*, 311 Ga. App. 650 (1) (a) (718 SE2d 9) (2011).

[7] *Hammond*, supra at 144-145 (2).

[8] *Patterson v. State*, 312 Ga. App. 793, 794 (1) (720 SE2d 278) (2011) (forcing victims from bedrooms at gunpoint and taking them to kitchen was not inherent or integral part of armed robbery, burglary, or aggravated assault).

[9] See *Hammond*, supra at 145 (2).

[10] *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991).

[11] (Footnote omitted.) *Williamson v. State*, 300 Ga. App. 538, 542 (2) (b) (685 SE2d 784) (2009).

three affirmative showings:

> (1) the similar transaction evidence is offered for some purpose other than to show a probability that the defendant committed the crime on trial because the defendant is a person of criminal character; (2) the accused committed the independent offenses; and (3) a sufficient connection or similarity between the prior offense and the offense charged such that proof of the former tends to prove the latter.[12]

"After the 31.3 (B) hearing, and before any evidence concerning a particular independent offense or act may be introduced, the trial court must make a determination that each of these three showings has been satisfactorily made by the state as to the independent offense or act."[13]

Although the court did conduct a Rule 31.3 (B) hearing on the issue of whether the state could introduce evidence of three prior burglaries committed by Holden, it did not explicitly make the *Williams* findings on the record but instead merely stated that "I think I'm bound by the law and the law is pretty clear . . . that I have to allow it in."

However, the trial court's failure to make such findings on the record is harmless error.[14] "[H]arm as well as error must be shown when similar transaction evidence is improperly admitted."[15] Where there is strong evidence of the defendant's guilt, such that it is highly unlikely that the admission of similar transaction evidence contributed to the verdict, the admission of improper evidence is harmless error. As detailed above, DNA from the blood sample collected from Holden matched that in the semen collected from Mora's rape kit, and the stolen necklace was found on Holden's person at the time of his arrest. In light of this strong physical evidence against him, we find that there is no reasonable probability that the results of the trial would have differed if the evidence had been excluded.

3. In related claims of error, Holden contends that the trial court erred in allowing the similar transaction evidence because it was not

---

[12] (Citations omitted.) *Hall v. State*, 230 Ga. App. 741, 742 (497 SE2d 603) (1998).

[13] (Footnote omitted.) *Williams*, supra.

[14] See *Hill v. State*, 263 Ga. 37, 43 (10) (427 SE2d 770) (1993) (where jury knew from the circumstance of a jailhouse murder that defendant was an inmate, and where the evidence of his guilt was overwhelming, the introduction of similar transaction evidence without proper *Williams* findings was harmless).

[15] (Citation and punctuation omitted.) *Hyde v. State*, 291 Ga. App. 662, 664 (2) (662 SE2d 764) (2008).

sufficiently similar to the indicted crimes,[16] in allowing the similar transaction evidence to be introduced prior to the introduction of evidence regarding the offenses involved in the present case, and in improperly charging the jury regarding similar transactions. Pretermitting whether any of these enumerations have merit, however, we find that any error by the trial court would constitute harmless error because, as stated above, it is highly unlikely that the admission of the similar transaction evidence contributed to the jury's finding of guilt.[17]

*Judgment affirmed. Dillard and Boggs, JJ., concur.*

DECIDED FEBRUARY 8, 2012.

*Melinda I. Ryals*, for appellant.
*Catherine H. Helms, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.

---

[16] See *Humphrey v. State*, 249 Ga. App. 805, 807 (1) (549 SE2d 144) (2001) (to be admissible as a similar transaction, prior offense must both be offered for a proper purpose and there must be a sufficient connection between that offense and the crime charged so that proof of the former tends to prove the latter).

[17] *Hyde*, supra.