LILLEHAUG, Justice
(dissenting).
For almost 40 years we have allowed Minnesota defendants to plead guilty to .crimes while they simultaneously’ deny their guilt — by what we know as Alford pleas. Whatever the wisdom of that judicial policy, it has been black-letter law that an Alford plea may be used for the samé *884 purposes as a conventional guilty plea. But today, in a subsequent civil suit based on the same incident of alleged criminal sexual conduct, the court departs from this rule of law, prompting my respectful dissent. Because the district court fundamentally erred on the legal effect of an Alford plea, thereby keeping the civil jury in the dark about the defendant’s guilty plea and criminal conviction, the court of appeals’ decision should be reversed and the case remanded.
I.
In 2008, Ralph Joseph Liebsch was charged with first- and second-degree criminal sexual conduct under MinmStat. §§ 609.342, subd. 1(a), 609.343, subd. 1(a) (2Ó14). The complaint alleged that a girl, age 7 or 8 at the time of the conduct, was the victim. Now she is the plaintiff (Doe 136) in this civil case.
With the advice of experienced criminal defense counsel, Liebsch resolved the criminal charges with a guilty plea to one count of criminal sexual conduct in the fifth degree under Minn.Stat.- § 609.3451, subd. 1 (2014), a gross misdemeanor. His guilty plea was an Alford plea, entered pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and State v. Goulette, 258 N.W.2d 758 (Minn.1977). Under Alford and Goul-ette, a guilty plea may be entered and accepted if the defendant “agrees that evidence the State is likely to offer at trial is sufficient to convict” and the district court independently determines that there is a strong factual basis to sustain a jury’s verdict of guilty beyond a reasonable doubt. State v. Theis, 742 N.W.2d 643, 649 (Minn.2007).
As part of the plea proceeding, and as required by Rule 15 of the Minnesota Rules of Criminal Procedure, Liebsch submitted a “Petition to Enter Plea of Guilty in Felony or Gross Misdemeanor.” The petition shows that Liebsch intended to enter an Alford plea. In the petition Liebsch represented: “I now make no claim that I am innocent.”[1]
After Liebsch’s plea was accepted and he was convicted, the victim sued Liebsch for sexual assault and battery. The district court granted Liebsch’s motion in li-mine to exclude all evidence of Liebsch’s guilty plea, including the petition. The court made its decision under Rule 403 of the Minnesota Rules of Evidence, which allows relevant evidence to be “excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....”
II.
A district court’s Rule 403 ruling is reversible only for an abuse of discretion, and that discretion is broad. Peterson v. BASF Corp., 711 N.W.2d 470, 482-83 (Minn.2006) (citing State v. Steward, 645 N.W.2d 115, 120 (Minn.2002)). By excluding all evidence of Liebsch’s guilty plea to the charge of criminal sexual conduct, the district court abused its broad discretion in two ways. First, as a matter of law, the district court mischaracterized the legal effect and probative value of Liebsch’s guilty plea. Second, the district court greatly exaggerated the purported danger of prejudice, confusion, or misleading effect. Thus, the Rule 403 balancing became fundamentally unbalanced.
*885 On the first prong of Rule 403, the probative value of the evidence, the district court’s erroneous legal analysis started with its observation.that an Alford plea is “technically a guilty plea” ■ (emphasis added). This label profoundly understates the purpose and legal effect of an Alford plea. An Alford plea is a real guilty plea for all legal purposes. As the majority acknowledges, a conviction based upon an Alford plea generally carries the ■ same -.penalties and collateral consequences as a conventional guilty plea.. See 5 Wayne R. LaFave et al., Criminal Procedure § 21.4(f), at 848-49 (3d ed.2007). Indeed, when properly entered, an Alford plea .is often supported by an even stronger factual basis than a conventional guilty plea. See id. at 846-47.[2] By considering Liebsch’s Alford plea only “technical,” and excluding all evidence of that plea, the district court exempted Liebsch from a collateral consequence: jury consideration of Liebsch’s guilty plea in a civil suit based on the same alleged sexual misconduct.
By its ruling, the district court kept from the jury highly probative evidence. Although we have not considered the issue, the weight of authority from other jurisdictions holds that, an Alford plea, is not just probative, but is admissible, for. issue preclusion in a civil case based on the conduct underlying the plea. See Blohm v. Comm’r, 994 F.2d 1542, 1555 (11th Cir. 1993); Graybill v. U.S. Postal Serv., 782 F.2d 1567, 1573 n. 1 (Fed.Cir.1986); Cortese v. Black, 838 F.Supp. 485, 494 (D.Colo.1993); United States v. Krietemeyer, 506 F.Supp. 289, 292 (S.D.Ill.1980); Emp’rs Mut. Cas. Co. v. Van Haaften, 815 N.W.2d 17, 23 (Iowa 2012); Mitchell v. Dillard Dep’t Stores, Inc., 772 So.2d 733, 736 (La.Ct.App.2000); Merchants Mut. Ins. Co. v. Arzillo, 98 A.D.2d 495, 505, 472 N.Y.S.2d 97 (N.Y.App.Div.1984); Zurcher v. Bilton, 379 S.C. 132, 666 S.E.2d 224, 227 (2008); McEwan v. State, 314 P.3d 1160, 1165 n. 4 (Wyo.2013). But see Hemphill v. Pollina, 400 S.W.3d 409, 415 (Mo.Ct.App.2013); Parson v. Carroll, 272 Va. 560, 636 S.E.2d 452, 455 (2006); In re Cross, 178 Wash.2d 519, 309 P.3d 1186, 1190 (2013); Clark v. Baines, 150. Wash.2d 905, 84 P.3d 245, 251 (2004). If an Alford plea, like a conventional guilty plea, may be disposi-tive on guilt or civil liability, most certainly it is highly probative.
Further, both the Rules of Criminal Procedure and the Rules of Evidence indicate the probative value of a guilty plea, whether under Alford or otherwise. Minnesota Rules of Criminal Procedure 15.06. provides that guilty pleas not accepted or withdrawn, and related evidence of them, are inadmissible in any criminal, civil, or administrative proceeding. The implication is.that accepted guilty pleas are .admissible. Minnesota Rule of Evidence 410 is to the same effect. Neither rule exempts accepted guilty pleas, whether Alford or otherwise.[3] This only makes sense, as an Alford plea has the same consequences as a conventional plea.
*886 Liebsch’s guilty plea was particularly probative in this case. Whether or not the plea would have precluded relitigating the issue of Liebsch’s liability,[4] Liebsch’s conviction was at least strong- evidence of liability in tort. Further, at trial, Liebsch took the stand and testified that he had always denied that he sexually abused thp plaintiff. On cross-examination, plaintiffs counsel- should have, been .allowed to require Liebsch .to explain to the jury how he reconciled that testimony with, his guilty plea to a charge of criminal sexual conduct, which included a representation to the court that he made no further claim of innocence. The jury might well have considered the guilty plea petition, combined with Liebsch’s explanation and demeanor, to be highly probative.
Not only did the district court profoundly mischaracterize the Alford plea, it also dramatically overstated the danger of prejudice and' confusion that would have resulted had thé jury been allowed to learn about Liebsch’s guilty plea and conviction. I particularly take issue with the court of appeals’ statement, when it affirmed the district court, that a jury “might fail to fully comprehend or appreciate the nature of an Alford plea, which is a subject usually reserved to persons with legal training.” Doe v. Liebsch, 856 N.W.2d 699, 703 (Minn.App.2014). This implies that evidence of an Alford plea is categorically prejudicial and confusing to lay people.
I grant that any reasonable lay person might be perplexed and perhaps troubled by the concept that a charge of criminal sexual conduct by penetration of a child may be resolved .with an Alford plea, which -allows the defendant to continue to deny that the conduct happened, But the Alford plea exists and is used regularly in our courts, including in criminal sexual conduct cases. We expect the defendants ■themselves and their alleged victims, most without legal training, to understand the essentials of Alford pleas. Why shouldn’t jurors, properly instructed, be able to do the same?
By assuming that 'Minnesota juries simply can’t understand, will give undue weight to, or will be “distracted” by ah Alford plea, we give jurors too little credit. Juries in both criminal and" civil cases routinely consider and decide the most tangled and difficult disputes/sometimes involving scientific and technical issues that vex experts. See, e.g., Hudson v. Snyder Body, Inc., 326 N.W.2d 149 (Minn.1982) (where a jury" was required to consider several different explanations for the mechanical failure of a dump truck’s tailgate and hoist system, and apportion liability among five parties). And yet, the court of appeals asserts, and the court implies, that even properly instructed jurors just won’t be able to understand the deep, dark mystery of an Alford plea. I disagree.
in this case, by excluding all evidence of the guilty plea, the district court left the jury in the dark. At several points in the trial, the jurors learned that Liebsch had been investigated, but they were not allowed to learn the legal result of that investigation.[5] If there was any risk of *887 prejudice, confusion, or distraction in this case, it came from the jury having only half the story.
Therefore, the district court’s Rule 403 analysis was fundamentally flawed and unbalanced. When they involve the same incident or transaction at issue in the civil case, Alford guilty pleas are not “technical,” but are probative and perhaps even dispositive.' Properly instructed, juries can understand, and should be allowed to consider, Alford pleas.
As the district court’s ruling was erroneous and was objected to, I must next consider whether the ruling constitutes prejudicial error entitling Doe to a new trial. See City of Moorhead v. Red River Valley Co-op. Power Ass’n, 830 N.W.2d 32, 39-40 (Minn.2013). An erroneous evidentiary ruling is prejudicial if it might reasonably have influenced the jury and changed the result’ of the trial. George v. Estate of Baker, 724 N.W.2d 1, 9 (Minn.2006). For the reasons I have already discussed, I conclude that the error was prejudicial.'
Accordingly, I respectfully dissent. The court should have reversed and remanded the case to the court of appeals to decide the remaining issue on appeal: whether the motion for a new trial was timely.

. During the plea proceeding, both Liebsch and his attorney confirmed that they had "reviewed each and every paragraph” of the petition, and that the attorney had "read it out loud to you as we went through it together.” Liebsch, his attorney, the prosecutor, and the court all agreed that Liebsch was entering an Alford plea.

. State v. Goulette ‘‘emphasize[d]” that it is "absolutely crucial” that an Alford-type plea not be "cavalierly accepted,” and that "the factual basis requirement would appear to be essential.” -258 N.W.2d at 761. ■

. Rule 410 also excludes evidence of pleas of nolo contendré. The reference is to nolo pleas from other jurisdictions, as Minnesota does not allow nolo pleas. See Minn. R.Crim. P. 1401; Minn, R. Evid. 410 comm. cmt.— 1977. Unlike a nolo plea, Alford pleas are accepted only after inquiry into actual guilt, so they should be accepted as standard guilty pleas for purposes of Rule 410. See Dixon v. State, 240 Ga.App. 644, 524 S.E.2d 734 (1999) (holding Alford plea admissible in burglary prosecution); United States v. In, No. 2:09CR00070 DS, 2010 WL 2869108 (D.Utah 2010) (holding Alford plea admissible in prosecution for felon in possession of firearm).

, Doe 136 did not appeal the district court’s decision that tine Alford plea was not preclu-sive on liability.

, In closing, Liebsch's attorney specifically linked the fact that there had been an investigation to his argument that the plaintiff’s attorney .did , not impeach Liebsch: "You learned that Mr. Liebsch in due course was interviewed by an investigator and that the interview lasted for an hour. And then you heard and saw Mr. Liebsch take the witness stand here. You did not hear a single question put to Mr. Liebsch by Mr. Meyers that called into question any of the things that are at issue in this case, you heard the issue about the property line dispute, but there was no impeaching evidence. And you heard instruc- *887 lion just now about impeachment. A person had said one thing on one occasion and said something different on another. That’s called impeaching evidence. Nothing. ' Nothing.”